PEOPLE ex rel. TOMS v. BOARD OF SUP'RS OF ERIE COUNTY.

(Supreme Court, Special Term, Erie County. February, 1910.)

TAXATION (§ 496*)—DELINQUENCY TAXES—COMPROMISE—CERTIORARI.

Unpaid taxes to the amount of $1,667.36 were a lien on certain land in the town of T. The supervisors of the county compromised and discharged the lien on receiving $800 from the landowner, charging the balance to the town. The warrant for such amount was drawn in favor of the treasurer, and the same was included in the amount to be collected by the town tax roll and warrant from the assessed property of the town. Held, that a petition for certiorari, alleging such facts, stated sufficient grounds for the writ, since there was no statutory or other authority authorizing such action on the part of the supervisors, and its act was therefore not legislative, but arbitrary, and without jurisdiction.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

Certiorari by the People, on the relation of Robert A. Toms, against the Board of Supervisors of Erie County. On defendant's motion to vacate the writ. Denied.

Percy S. Lansdowne, for plaintiff.
Thomas A. Sullivan, for defendant.

BROWN, J. On December 31, 1909, a writ of certiorari was issued to review the action of the board of supervisors in levying the sum of $1,667.36 as taxes upon the taxable property of the town of Tonawanda. Defendant moved the court February 15, 1910, for an order vacating the writ, upon the ground that the acts of the defendant sought to be reviewed by the writ were solely legislative in their nature; that proceedings of a judicial nature only can be reviewed by such a writ. It is alleged in both the petition and the writ that in November, 1909, $2,467.36, in unpaid back taxes were a lien upon 20 acres of land in great lot No. 42, town of Tonawanda, owned by the Military Road Company, and that in November, 1909, the defendant, as a compromise of such taxes, canceled and discharged of record the lien of such taxes upon said real estate, upon payment of the sum of $800 by the owner of such lands, and the defendant thereupon charged the balance of said back taxes, to wit, the sum of $1,667.36, to the town of Tonawanda, drew a warrant for such sum in favor of Erie county treasurer, and included the sum of $1,667.36 in the amount to be collected in taxes by the current tax roll and warrant from the assessed property of the town.

There is no statutory or other authority for so taking $1,667.36 in taxes from such lands and subjecting the taxable property of the town

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

to a lien and taxation therefor. Under the circumstances stated in the petition, the defendant had no jurisdiction for this act. Such act determined and adjudicated that the taxable property of the town was liable for the payment of that sum. It was not a legislative, administrative, or executive act. It was not performed under any authority of law. It was an arbitrary decision adjudicating that all taxable property in the town must pay two-thirds of back taxes upon the 20 acres; that the owner could exempt his land from tax sale by paying one-third of his taxes. The defendant assumed a discretionary power it did not possess, and under such assumed power has rendered a judicial decision of which plaintiff complains.

The defendant's motion to vacate such writ must be denied, and defendant directed to make return thereto. People v. Supervisors, 43 Barb. 232; Bellinger v. Gray, 51 N. Y. 610; People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891; Ne-ha-sa-ni v. Lloyd, 7 App. Div. 359, 40 N. Y. Supp. 58.